UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TRANISE LANDRY | CIVIL ACTION NO. 6:24-CV-00039 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| GREAT AMERICAN INSURANCE CO ET AL | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Before this Court is a RULE 12(B)(6) MOTION TO DISMISS filed by defendant Greenwich Insurance Company. (Rec. Doc. 29). Plaintiff Tranise Landry filed an opposition (Rec. Doc. 37) to which Greenwich replied (Rec. Doc. 42). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that the instant motion be GRANTED and that Landry's claims against Greenwich be DISMISSED WITHOUT PREJUDICE.

**Factual Background**

This suit arises from a motor vehicle accident alleged to have occurred on Interstate 10 in St. Martin Parish, Louisiana on January 30, 2023. (Petition, Rec. Doc. 1-4).[1] Landry alleges that Freddy Lyons ("Lyons")—while "in the course and scope of his employment or otherwise on a mission" with Lyons Trucking, LLC ("Lyons Trucking") and The Kenan Advantage Group, Inc. ("Kenan")—attempted to change lanes and collided with her vehicle. (*Id.,* ¶¶ 2, 5). Landry filed suit against Lyons, Lyons Trucking, Great American Insurance

---

[1] Landry's state court petition does not reference an accident date. (Rec. Doc. 1-4). Greenwich's motion says the accident date was January 30, 2023. (Rec. Doc. 29-1 at 1). Landry's opposition references the accident date as June 26, 2023 (Rec. Doc. 37 at 1) and January 30, 2023 (*Id.* at 2, 8).

Company (as insurer of Lyons Trucking), and Kenan in the 16th Judicial District Court on December 8, 2023, seeking damages for injuries sustained in the accident. (*Id.*, generally).

Lyons, Lyons Trucking, and Kenan removed the case to this Court on June 7, 2024. alleging that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. (Rec. Doc. 1).[2] On December 5, 2024, Landry filed a First Amended Complaint adding KAG Specialty Products Group, LLC, and Greenwich Insurance Co. as the liability insurer for KAG and Kenan. (Rec. Doc. 25). Greenwich filed the instant motion to dismiss the claims against them based on the Louisiana Legislature's amendment to the Louisiana Direct Action Statute, La. R.S. § 22:1269, effective on August 1, 2024. (Rec. Doc. 29).

## Applicable Standards

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to

---

[2] Based on the record, the Court is satisfied that the parties are diverse in citizenship the amount in controversy exceeds the statutory minimum. (Rec. Doc. 21).

prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

As amended by Act 275 and effective August 1, 2024, La. R.S. § 22:1269(B)(1) provides:

> The injured person or, if deceased, the persons identified in Civil Code Articles 2315.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:
> (a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
> (b) The insured is insolvent.
> (c) Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.
> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
> (e) When the insurer is an uninsured motorist carrier.
> (f) The insured is deceased.
> (g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.

La. R.S. 22:1269(B)(4)(a) and (c) further provide:

> (a) An insurer shall not be included in the caption of any action brought against the insurer pursuant to this Section. The action shall instead be captioned only against the insured defendant or other noninsurance defendants.
> ***
> (c) A court may dismiss the action against any insured or other defendant if the action cannot proceed due to any of the circumstances in Paragraph (2) of this Subsection.

## Analysis

Greenwich contends that Landry's claims must be dismissed based on the 2024 amendment to the Direct Action Statute. Prior to the amendment's August 1, 2024 effective date, an injured party could bring suit against an insurer jointly and *in solido* with its insured

if the policy had been issued in Louisiana. La. R.S. § 22:1269(B)(1). Further, the injured party could bring an action against the insurer alone, but only if one of six qualifying circumstances were present, including, *inter alia*, the insured's bankruptcy, impossibility of service, and death of the insured. *Id*. After the August 1, 2024 amendment, however, the Louisiana Legislature effectively eliminated the permissive joint suit against insurer and insured, maintaining direct actions against insurers only with extenuating circumstances. *See* 2024 La. Sess. Law Serv. Act 275 (H.B. 337).

In order to pass on the viability of Landry's direct action against Greenwich, the following dates are pertinent:

- January 30, 2023—date of accident/accrual of substantive cause of action;
- December 8, 2023—filing date of state court petition against Kenan, Lyons and Lyons Trucking;
- August 1, 2024—effective date of amendment to La. R.S. § 22:1269;
- September 27, 2024—date of removal; and
- December 5, 2024—filing date of First Amended and Restate Complaint adding Greenwich as a defendant.

Greenwich seeks dismissal since it was added as a defendant after the effective date of the amendment. According to Greenwich, the Direct Action Statute is a procedural statute that is applied retroactively and prospectively. (Rec. Doc. 29-1 at 4). In response, Landry contends that her substantive right to bring a direct action against Greenwich vested on January 30, 2023, the date of the accident, such that the amended Direct Action Statute should not be applied retroactively. (Rec. Doc. 37 at 2). The parties do not dispute that none of the exceptions in La. R.S. 22:1269(B)(1) apply here. Greenwich affirmatively states that it is not refuting coverage or defending under a reservation of rights. (Rec. Doc. 29-1 at 2).

The parties' briefing discusses numerous Louisiana state and federal court decisions addressing the operation of La. R.S. § 22:1269, as amended, in various contexts. Additional decisions have been issued subsequent to the close of briefing. As expected, those decisions addressed the operation of the amendment to cases in various procedural postures. *See Howard v. J & B Hauling, LLC*, 2024 WL 4647820 (E.D. La. Sept. 26, 2024) (granting an insurer's motion to dismiss where an amended complaint asserting a direct action was filed *prior* to the effective date of the amendment); *Baker v. Amazon Logistics, Inc.*, 751 F. Supp. 3d 666, 673 (E.D. La. 2024) (refusing to reverse magistrate judge's ruling granting leave to amend complaint to assert direct action prior to the effective date of the amendment and noting that "because Plaintiffs invoked their procedural right under the direct action statute on July 31, 2024, thereby acquiring a vested 'present interest . . . independent of a contingency' in their action against Insurers, prior to Act 275's effective date on August 1, 2024, the legislative amendment cannot apply retroactively to divest Plaintiffs of that right."); *Smith v. Fortenberry*, 2024 WL 4462332 (E.D. La. Oct. 10, 2024) (denying insurer's motion to dismiss and citing *Baker* where suit against insured and insurer was filed prior to effective date of amendment); *Rogers v. Griffin*, 2024 WL 5183219 at * 3 (La. App. 5 Cir. 2024) (citing *Baker* and *Smith* to affirm district court judgment overruling peremptory exception and holding, "Where plaintiffs exercised their procedural right to sue the tortfeasor's insurer before the effective date of the statutory amendment, the Legislature cannot revoke that vested right."); *Taylor v. Elsesser*, 2025 WL 471807 (E.D. La. Feb. 12, 2025) (granting insurer's motion to dismiss when suit against insured and insurer filed after effective date but accident occurred prior to effective date); *Tridico v. Allianz Underwriters Ins. Co.*, 2025 WL 1244855 at *4 (M.D. La. Apr. 11, 2025) (denying motion to dismiss and holding "that the amendment to the Direct Action Statute cannot be applied retroactively to divest Plaintiffs

[sic] of her right to sue the insurer which vested *when she sued the insurer before the effective date of the amendment.*" (emphasis added)); *Rico v. Arch Ins. Co.*, 2025 WL 1415895 (M.D. La. May 15, 2025) (denying motion to dismiss under same circumstances as in *Tridico*).

The cases cited above did not address the situation presented here: the viability of a direct action against an insurer asserted *after* the effective date of the amendment in a case filed against the tortfeasor *prior* to the effective date. Landry contends that her right became vested at the moment of the accident such that she could assert a direct action against Greenwich post-amendment.

A decision issued two weeks after Greenwich filed its reply is the most informative on the issue. In *Hurel v. Nat'l Fire & Marine Ins. Co.*, 2025 WL 762645 (La. App. 4 Cir. 2025), the plaintiff filed suit on October 1, 2024—two months after the effective date of the amendment—against the tortfeasor-insureds and National Fire as their insurer based on a January 13, 2023 accident, prior to the effective date of the amendment. The Louisiana Fourth Circuit Court of Appeal granted writs after the district court overruled National Fire's exceptions. Just as Landry argues here, the plaintiff argued that her cause of action arose on the date of the accident and that the amendment to the Direct Action Statute was a substantive change that could not be applied retroactively. The Fourth Circuit discussed the distinction between a substantive and procedural right of action:

> In the matter *sub judice*, Ms. Hurel's substantive cause of action is against the tortfeasor, Mr. Bush, and/or his employer, Holton. Her substantive cause of action, a negligence claim, accrued upon fault, causation, and damages, and it became vested on the day of the accident. Nonetheless, Ms. Hurel's procedural right of action under the Direct Action Statute against NFMIC, the insurer of Holton and Mr. Bush, became operative only when, and if, the remedy served by the Direct Action Statute was invoked timely, i.e., before the amendment removed the procedural right of action against an insurer. That is, **Ms. Hurel had until July 31, 2024, which was the day before the effective date of the amendments to the Direct Action Statute, to invoke the procedural right of action against NFMIC and to have that become a vested right, regardless of the fact that the**

> **substantive cause of action against Holton and Mr. Bush arose on January 13, 2023.**  Unlike the plaintiffs in Baker and Smith, Ms. Hurel did not timely invoke the procedural remedy prior to the effective date of the amendment eliminating the procedural right of action provided in the prior version of the Direct Action Statute.  After August 1, 2024, when the amended version of the Direct Action Statute was effective, Ms. Hurel had no right or interest in a direct action against NFMIC.  Because Ms. Hurel filed her Petition on October 1, 2024, months after the effective date of the amendment to the Direct Action Statute, she lacks a right of action against NFMIC.  Accordingly, we grant NFMIC's Exception of No Right of Action.

2025 WL 762645 at *6 (emphasis added).  When the distinction is made between a substantive right of action against the tortfeasor-insured and a procedural right of action against an insurer, as the Louisiana Fourth Circuit did in *Hurel*, the same conclusion must be drawn in this case, even though Landry asserted her substantive cause of action against the insured tortfeasors prior to the effective date of the amendment.  It is inescapable that Landry did not assert her procedural right against Greenwich until after the effective date of the amendment to La. R.S. § 22:1269.

## Conclusion

For the reasons discussed herein, this Court recommends that the RULE 12(B)(6) MOTION TO DISMISS filed by Defendant Greenwich Insurance Company (Rec. Doc. 29) be GRANTED and that Plaintiff Tranise Landry's claims against Greenwich be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following

the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 17th day of July, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**