UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TRANISE LANDRY | CASE NO. 6:24-CV-00039 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| GREAT AMERICAN INSURANCE CO ET AL | MAGISTRATE JUDGE DAVID J. AYO |

MEMORANDUM RULING

The present matter before the Court is the Motion for Summary Judgment [ECF No. 38] filed by defendant Great American Assurance Company. Plaintiff Tranise Landry opposes the Motion.

## I.
### Background

Landry alleges that she was injured when the motor vehicle she was driving was struck by a tractor trailer—a 2017 Freightliner—operated by Freddy Lyons on January 30, 2023, in St. Martin Parish, Louisiana.[1] The tractor trailer was owned by Lyons Trucking but Lyons Trucking signed a Lease Agreement with KAG Specialty Products Group ("KAG") under which Lyons Trucking leased the tractor trailer to KAG.[2] This lease was in force at the time of the accident and Lyons was transporting cargo on behalf of KAG, a subsidiary of Kenan Advantage Group Inc. ("Kenan") when the accident occurred.[3]

---

[1] ECF No. 25, First Amended and Restated Complaint, paragraphs 6, 14.
[2] ECF No. 38-5, Lease Agreement.
[3] ECF No. 38-6, Freddy Lyons' Responses to Requests for Admission, Response to Nos. 2 and 3; ECF No. 25, paragraph 8.

1

The instant motion concerns whether a policy of "Non-Trucking Liability and Physical Damage" (the "Policy") issued by Great American to Lyons Trucking covers damages resulting from the accident.[4] The Policy contains the following pertinent provisions:

### Part II – Liability Coverage for Non-Trucking Use

A. Coverage

We will pay all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

C. Exclusions

This insurance does not apply to any of the following:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

13.     TRUCKING OR BUSINESS USE

Bodily injury or property damage arising out of any accident which occurs while the covered auto is being used in the business of any lessee or while the covered auto is being used to transport cargo of any type. For purposes of this exclusion the phrase "in the business of any lessee" means any of the following uses of the covered auto:

a. for the benefit of or to further the interest of any lessee or when conducting business of any type;

b. by any person or organization acting within the scope of employment by any lessee;

c. by any person or organization acting under the direction, control or dispatch of any lessee;

d. while traveling to or from any location for the purpose of picking up, delivering or transporting cargo on behalf of any lessee;

e. while traveling between any location where the covered auto is regularly garaged and

---

[4] Policy No. GTP9668953, with the policy period beginning on January 13, 2023. *See* ECF No. 38-4, Great American Policy.

      i.      any terminal or facility of any lessee, or

      ii.     any other location, for the purpose of picking up, delivering or transporting any cargo; or

f. while traveling from:

(1) any terminal or facility of any lessee, or

(2) any location at which the covered auto was present for the purpose of picking up, delivering or transporting cargo to any location where the covered auto is regularly garaged.[5]

## II.
## THE SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[6] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[8] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[9]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and

---

[5] ECF No. 38-4, Part II – Liability Coverage for Non-Trucking Use.
[6] Fed. R. Civ. P. 56(a).
[7] *Id.*
[8] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[9] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

3

should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[10] "Credibility determinations are not part of the summary judgment analysis."[11] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[12] Under Rule 56(f), a court may "[a]fter giving notice and a reasonable time to respond … (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."

### III.
### DISCUSSION

Under *Erie Railroad Co. v. Tompkins*,[13] a federal court sitting in diversity jurisdiction applies the substantive law of the forum state.[14] Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code.[15] "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written."[16]

Great American argues that the Policy does not provide coverage for the January 30, 2023 accident because of the exclusion in the Policy for accidents occurring "while the covered auto is

---

[10] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[11] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[12] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).
[13] 304 U.S. 64 (1938).
[14] *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991).
[15] *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016).
[16] *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

being used in the business of any lessee or while the covered auto is being used to transport cargo of any type." Specifically, Lyons Trucking leased its 2017 Freightliner to KAG for KAG's exclusive use.[17] At the time of the accident, Lyons was transporting cargo on behalf of KAG, a subsidiary of Kenan, when the collision with Landry's vehicle occurred.[18] KAG and Lyons specifically admit in their answer to Landry's amended complaint that Lyons was "transporting a loaded tanker trailer on behalf of and under dispatch of KAG" at the time of the accident.[19]

Landry disputes that KAG is a subsidiary of Kenan and further contends that Kenan cannot simultaneously be a named insured and a lessee under the Policy. Accordingly, Landry contends that the exclusion does not apply. The Court disagrees.

First, the Policy excludes coverage "while the covered auto is being used in the business of any lessee *or* while the covered auto is being used to transport cargo of any type." This disjunctive language in the policy provides two independent grounds for excluding an accident from the policy. It is undisputed that the tractor trailer at issue was under an exclusive lease to KAG and was operating in that capacity. Second, Plaintiff alleges in her complaint that Lyons was "transporting a loaded tanker trailer on behalf of and under dispatch of KAG."[20] Accordingly, both disjunctive provisions of the exclusions apply: the tractor trailer was being used in the business of a lessee *and* it was being used to transport cargo. While the parties focus their arguments on whether the vehicle was being used by a lessee,[21] no one disputes that it was being used to transport

---

[17] ECF No. 38-5.
[18] ECF No. 38-6, Response to Nos. 2 and 3.
[19] ECF No. 28, Answer to First Amended and Restated Complaint, paragraph 8.
[20] ECF No. 25, Paragraph 8.
[21] Both parties to this motion repeatedly refer to Kenan as the lessee under the lease with Lyons and then proceed to argue about the relevance of KAG being a subsidiary of Kenan. However, the evidence submitted clearly shows that KAG is both the lessee (see ECF No. 38-5) and the owner of the cargo being transported (see ECF No. 43-2). With regard to the issue of the Great American Policy, any subsidiary relationship with Kenan appears to be entirely irrelevant.

cargo. As such, even if the vehicle was being used by an unrelated third party, the fact that it was being used to transport cargo triggers the exclusion.

Further, as to Plaintiff's second argument that KAG cannot be both a lessee and a named insured, Plaintiff provides no authority for this position. Insurance policies frequently exclude coverage for certain activities being performed by a named insured. In fact, the Great American Policy specifically states that while coverage applies "for all sums an insured legally must pay," "anyone engaged in the business of transporting property for hire" is not an insured.[22] In sum, Great America has established, as a matter of law, that the accident at issue in this case is not covered under the Policy. The Motion filed by Great American is therefore granted.

## IV.
### CONCLUSION

For the reasons stated above, the Defendant's Motion for Summary Judgment [ECF No. 38] is GRANTED and all claims raised by Plaintiff against Great American are DISMISSED.

THUS DONE in Chambers on this 22nd day of July, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[22] ECF No. 38-4, Part II(A)(2).